1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

9  ROSE ANN FERNANDEZ,                )   NO. ED CV 12-0828 SJO (FMO)
                                      )
10              Petitioner,           )
                                      )
11     v.                             )   **ORDER DISMISSING PETITION AND**
                                      )   **DENYING A CERTIFICATE OF**
12  CA DEPT. OF CORRECTIONS, et al.,  )   **APPEALABILITY**
                                      )
13              Respondents.          )
    ─────────────────────────────────)
14

15      On May 23, 2012, Rose Ann Fernandez ("petitioner") filed a Petition for Writ of Habeas

16  Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, attacking her

17  conviction and sentence in People v. Fernandez, Riverside County Superior Court Case No.

18  200732660-3304224333 ("Fernandez I"). (Petition at 1-28).[1]

19                                  **DISCUSSION**

20      "The federal habeas statute gives the United States district courts jurisdiction to entertain

21  petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution

22  or laws or treaties of the United States.'" Maleng v. Cook (Cook), 490 U.S. 488, 490, 109 S.Ct.

23  1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original); see also

24  28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus

25  in behalf of a person in custody pursuant to the judgment of a State court only on the ground that

26  he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in

27
28  ─────────────────────

[1]  For ease of reference, the Court sequentially numbers the pages of the Petition, i.e., 1-28.

1  custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody'

2  under the conviction or sentence under attack at the time [her] petition is filed." Cook, 490 U.S.

3  at 490-91, 109 S.Ct. at 1925; Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This is because

4  the writ of habeas corpus functions primarily to secure immediate release from illegal physical

5  custody.   Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973); Carafas v.

6  LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560 (1968); see also Fay v. Noia, 372 U.S. 391,

7  430-31, 83 S.Ct. 822, 844 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S.

8  722, 111 S.Ct. 2546 (1991) (Habeas corpus "lies to enforce the right of personal liberty; when that

9  right is denied and a person confined, the federal court has the power to release him. Indeed, it

10  has no other power[.]").

11        Here, petitioner challenges court proceedings brought against her in Fernandez I. (See

12  Petition at 1-28). According to petitioner, on July 6, 2007, she was convicted of one count of

13  reckless driving in violation of California Vehicle Code ("Veh. C.") § 23103(a) (2007), her vehicle

14  was impounded for 30 days, and she was released. (Id. at 1 & 15). Based on these

15  circumstances, petitioner clearly is not in custody for this offense. See Veh. C. § 23103(c) (2007)

16  ("Persons convicted of the offense of reckless driving shall be punished by imprisonment in a

17  county jail for not less than five days nor more than 90 days or by a fine of not less than one

18  hundred forty-five dollars ($145) nor more than one thousand dollars ($1,000), or by both that fine

19  and imprisonment. . . ."). Indeed, petitioner is currently incarcerated on a different matter. (See

20  Petition at 15) (stating petitioner is currently incarcerated for a conviction incurred in a different

21  case); see also People v. Fernandez, 2011 WL 3925406, at *1 (Cal. App. 4 Dist. 2011) ("In May

22  2010, defendant Rose Ann Fernandez entered a no contest plea to robbery and two counts of

23  assault with a deadly weapon other than a firearm arising from an incident during which she stole

24  her neighbor's necklace and hit her with a two-by-four board during an altercation. She also tried

25  to hit another neighbor boy with a two-by-four board. . . . Defendant was sentenced to the

26  agreed-upon sentence of four years in state prison."). As such, petitioner was not "in custody"

27  pursuant to Fernandez I at the time she filed the instant Petition. See Henry v. Lungren, 164 F.3d

28  1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999) ("Henry was released before he filed the

petition that is before us.  Because of this circumstance, there is no custody from which he could be released.") (emphasis in original).

### CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both:  (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]"  Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

The Court is dismissing the Petition without prejudice because petitioner is clearly not "in custody" for purposes of establishing the Court's habeas jurisdiction.  As such, petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without prejudice** and a Certificate of Appealability is **denied**.

DATED: ___6 | 1___, 2012.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE